UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUC QUY TRAN,

Petitioner,

Case No. 2:26-cv-2278-KCD-KRH

v.

TODD LYONS, SHERIFF DAVID HARDIN, ACTING SECRETARY MARKWAYNE MULLIN, TODD BLANCHE, GARRETT RIPA, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, DEPARTMENT OF HOMELAND SECURITY,

Respondents.

_______________________________/

# **ORDER**

Petitioner Luc Quy Tran is a citizen of Vietnam with a final removal order following several criminal convictions. Immigration and Customs Enforcement apparently could not deport him at that time, so he was released on an order of supervision. After spending years living in the community under supervision, Tran was returned to immigration custody on December 9, 2025. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.)

This is Tran's fourth petition. The Court denied the last one without prejudice, relying on the Government's representation that all necessary

travel documents had been requested and Tran would be removed on a chartered flight by the end of July. *See* case no. 2:26-cv-1937-KCD-NPM. The Government now tells the Court that Vietnam has still not issued travel documents. (Doc. 7.)

The Government first argues that Tran has not met his burden of showing that there is no significant likelihood of his removal in the reasonably foreseeable future. Not so. He mentions that there is no immigration agreement to remove him, and his removal order has been final for years. (Doc. 1 at 20-21.) That is enough.

Because the Government offers nothing to suggest that Tran's removal to Vietnam, or anywhere else, is more likely now than it was years ago, Tran must be released under *Zadvydas*. But that release is not a free pass—he remains subject to the conditions of any prior supervision and any additional conditions that may be imposed. To the extent Tran raised any other claims, they are denied. He is entitled to no other relief from the facts presented.

Accordingly, it is **ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2. Respondents are ordered to **RELEASE** Petitioner Luc Quy Tran from custody within 48 hours of this order under any prior conditions of supervision or any other conditions reasonably imposed, which Tran must continue to comply with. Respondents shall facilitate his transportation from

the detention facility by notifying his counsel when and where he can be collected.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**ORDERED** in Fort Myers, Florida on August 25, 2026.

Kyle C. Dudek
United States District Judge